# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr. | Case No. 1:14-cv-251-AWI-BAM |
| Plaintiffs, | ORDER ON MOTION RE SERVICE OF COMPLAINT |
| v. | (ECF No. 10) |
| MARGARET MIMMS, JERRY DYER, | |
| Defendant. | |

Plaintiff Tony Phelps, Sr. ("Plaintiff") appears to be a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names Margaret Mimms and Jerry Dyer as defendants.

On May 19, 2014, Plaintiff filed a "Motion to Cause Action" in which he expresses concern with complying with Fed.R.Civ.P. 4(m). The Court construes this motion as a request for service.

Federal Rule of Civil Procedure Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] The allegations are unclear if Plaintiff is a pretrial detainee or a sentenced prisoner. For purposes of this order, the Court will assume Plaintiff is a pretrial detainee.

1

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Plaintiff "is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).

The Court will direct the United States Marshal to serve the complaint only after it has determined that the complaint contains cognizable claims for relief against the named defendants.  By separate order, the Court has dismissed the complaint and granted Plaintiff leave to amend.  There is currently no complaint pending before the Court.  Until the Court has screened the amended complaint and found cognizable claims, any request for service by the Marshal is premature and will be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for service of process by the United States Marshal, filed May 19, 2014, is DENIED as premature.

IT IS SO ORDERED.

Dated:   **May 23, 2014**              /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE