# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr. | ) Case No. 1:14-cv-251-AWI-BAM |
|               Plaintiffs, | ) |
| | ) ORDER DISMISSING COMPLAINT WITH |
|    v. | ) LEAVE TO AMEND |
| | ) (ECF No. 1) |
| MARGARET MIMMS, JERRY DYER, | ) |
| | ) ORDER DENYING AS MOOT MOTION TO |
|            Defendant. | ) REDIRECT COURT TO SETTLEMENT |
| | ) AMOUNT (ECF No. 9) |
| | ) |
| | ) THIRTY-DAY DEADLINE |
| | ) |

## SCREENING ORDER

Plaintiff Tony Phelps, Sr. ("Plaintiff") appears to be a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint, filed on February 26, 2014, is currently before the Court for screening.  Plaintiff names Margaret Mimms and Jerry Dyer as defendants.

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2);

---

[1]  The allegations are unclear if Plaintiff is a pretrial detainee or a sentenced prisoner.  For purposes of this order, the Court will assume Plaintiff is a pretrial detainee.

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**<u>Plaintiff's Allegations</u>**

Plaintiff is incarcerated in the Fresno County Jail.  Plaintiff was arrested on January 6, 2014 for assault with a deadly weapon.  Plaintiff alleges that the officers who arrested him were working under the authority of defendants Margaret Mimms and Jerry Dyer.  Plaintiff alleges that he came in contact with two officers unknown to Plaintiff, who acted "very unprofessional" towards Plaintiff during his arrest by belittling him in front of his family.  During the transport to jail, Plaintiff alleges he began to feel faint because of his heart condition and when he requested treatment, Plaintiff was pulled out of the transportation van, dragged in the dirt and he began to

vomit and an officer was rubbing and pounding on Plaintiff's chest.  A spit mask was placed on his face which exacerbated his vomiting.  He was taken to the hospital and Plaintiff was unconscious, feels he died, and they tried to revive him.  He was revived with a hypodermic needle.  He believes he should not have been arrested because he did not assault anyone.

In the "arguments" section of the complaint, Plaintiff states that he awoke inside Fresno County Jail on January 12, 2014.  He was given a flu shot.  Plaintiff alleges that he is supposed to be on certain medications due to a mental condition, heart problem, protruding discs, and nerve damage.  Plaintiff alleges that Fresno County Jail refuses to give him the medications and requires him to be on the third tier bunk, and will not give him special shoes and a double mattress.  Plaintiff alleges he has suffered physical, mental and emotional pain and suffering.

## DISCUSSION

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

## B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Mimms and Dyer to any constitutional violation.  If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation.

## C.  Supervisory Liability

To the extent Plaintiff seeks to hold Defendants Mimms or Dyer (or any other defendant) liable based upon their supervisory positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendants Mimms or Dyer were personally involved the alleged Constitutional deprivation or that they instituted a deficient policy.

**D.  Improper Joinder**

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert an excessive force claim related to the arrest, while simultaneously asserting a deliberate indifference claim related to medical treatment.  In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. Plaintiff will not be permitted to proceed with a "mishmash of a complaint,", and he is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.  If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**E.  Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).  However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees.  *Id.* at 1120. As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment.  *Bell v.*

*Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs. There is no allegation that Mimms or Dyer knew of a medical need and failed to respond to Plaintiff's need. Plaintiff will be granted leave to amend.

**F.   Excessive Force**

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which

amounts to punishment, *Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham*, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995 (1992). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9-10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. *Lolli*, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. *See Gibson,* 290 F.3d at 1198 (citation omitted).

Plaintiff has not named as a Defendant any individual who allegedly used excessive force against him. In addition, Plaintiff allegations are insufficient to allege excessive force. Plaintiff alleges he was taken out of the van and put on the ground. He does not allege further facts. Accordingly, Plaintiff's claim will be dismissed without prejudice. If Plaintiff files an amended complaint and does not know the name of a defendant who allegedly used excessive force against him, he may refer to the individual unknown defendant(s) as Defendant John Doe g 1 and Defendant John Doe 2 and allege facts to support how each particular Doe defendant violated his constitutional rights. The inclusion of Doe defendants under these circumstances is permissible,

as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means.  *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc*., 91 F.R.D. 543, 547 (D. Nev. 1981).

**G.  Motion Redirecting Court to Settlement Amount of $350,000.**

On May 5, 2014, Plaintiff filed a motion entitled "Motion Redirecting Court Order the Amount of the Lease [sic] I will settle for $350,000.00."  (Doc. 9.)  The Court construes this Motion as a motion for leave to amend the complaint.  In light of this Court's order that Plaintiff is granted leave to amend to correct pleading deficiencies, the Court denies the Motion Redirecting Court Order as MOOT.

**CONCLUSION AND ORDER**

Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8 and 18 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a complaint form;

2.       Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3.       Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

4.       The Motion Redirecting Court Order is DENIED as moot; and

4.       If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __May 23, 2014__        ___/s/ Barbara A. McAuliffe___
                                 UNITED STATES MAGISTRATE JUDGE

9