# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr. | Case No. 1:14-cv-251-AWI-BAM |
| Plaintiffs, | SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 14) |
| MARGARET MIMMS, JERRY DYER, | |
| Defendant. | THIRTY-DAY DEADLINE |

Plaintiff Tony Phelps, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. After dismissal of his initial complaint alleging excessive force and deliberate indifference to medical needs pursuant to 28 U.S.C. § 1915(a), Plaintiff filed a First Amended Complaint ("FAC") on June 6, 2014. (Doc. 14). Although unclear, Plaintiff's one-paragraph FAC states facts possibly related to Plaintiff's initial complaint. On its own, Plaintiff's FAC is not complete without reference to another pleading and fails to include factual allegations supporting a cognizable claim for relief. Therefore, as discussed below, Plaintiff's FAC is dismissed with leave to amend.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### Plaintiff's Allegations

Plaintiff is currently incarcerated in the Fresno County Jail.  In his first amended complaint, Plaintiff alleges as follows:

> Police officer got on the witness stand in my court hearing and stated that I had died and they done an death test to confirm his statements.
>
> Please read my court transcripts where police officer John Doe G-1 made the above statements to the Judge and D.A. in courtroom #33 I had no thought nor idea that I had died while I was in the care of said officer, until I went to court and said officer stated on the witness stand that I had died when where and how I do not know.  [all sic].

Plaintiff seeks $300,000.00 in damages.

**DISCUSSION**

Plaintiff's FAC complaint does not clearly identify a cause of action. However, based on the allegations in Plaintiff's FAC, the Court speculates that he wishes to amend or add additional factual allegations supporting his initial cause of action for deliberate indifference to serious medical needs. (Doc. 13 at 5). Although the Court granted Plaintiff leave to amend in its initial screening order, the Court informed plaintiff that any amended complaint must be complete in itself without reference to any prior pleading. (Doc. 13 at 8). Despite this instruction, Plaintiff failed to write or type an amended complaint that is complete in itself without reference to any earlier filed complaint. See L.R. 220. Therefore, as discussed more fully below, Plaintiff's FAC fails to comply with Federal Rule of Civil Procedure 8(a)(1) and his attempt to amend his complaint has failed to comply with Local Rule 220. Fed. R. Civ. P. 8(a)(1); E.D. Cal., L.R. 220.

    **A.**    **Plaintiff Fails to Plead a Claim**

It is difficult to ascertain the nature of Plaintiff's claims, but it appears that in an effort to allege the seriousness of an alleged injury, Plaintiff's first amended complaint states that officer John Doe G-1 admitted that Plaintiff died while he was in the officer's care. No other facts are pled.

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's brief, cursory FAC fails to identify any federal Constitutional right or federal law under which Plaintiff is seeking relief. To the extent that Plaintiff is seeking to address purported violations of his civil rights under 42 U.S.C. § 1983, such claims must be premised on a violation of the Constitution or other federal rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). A properly pled complaint must provide, in part, a "short and plain statement" of Plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Due to Plaintiff's sparse factual pleadings and failure to identify any specific federal right or law that was violated, it is "very difficult to discern what precise claims plaintiff actually wishes to raise, and which factual allegations support those claims." *Futrell v. Sacramento Cnty. Dep't. of Health & Human Servs.*, No. 2:10-CV-2424 JAM KJN, 2011 U.S. Dist. LEXIS 19667, 2011 WL 666503, at *2 (E.D. Cal. Feb. 14, 2011). To remedy these problems, Plaintiff needs to "clearly identify the claims that he wishes to pursue and provide succinct and coherent factual allegations supporting each claim." *Futrell,* 2011 U.S. Dist. LEXIS 19739 at *5. Plaintiff should also consider identifying each claim by an underlined "header," and conveying the factual allegations supporting each claim under that specific header.

Further, plaintiff does not link any defendant to the alleged wrongful conduct. Plaintiff must allege an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's allegations do not link any defendant to a specific violation. On amendment, Plaintiff must specify what each defendant allegedly did to violate his federal rights.

**B.     Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

Further, Plaintiff's First Amended Complaint does not comply with the requirement that it be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal., L.R. 220.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself. Plaintiff may not amend his complaint in a piecemeal fashion by filing additional supporting factual allegations that are intended to be read with his dismissed complaint.  An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

**CONCLUSION AND ORDER**

Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiff will be given a final opportunity to amend the deficiencies of the complaint. If Plaintiff chooses to file a Second Amended Complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiff's claims.

Plaintiff is again advised that an amended complaint supercedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file a second amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

Plaintiff's amended complaint fails to state a cognizable claim as required by Federal Rule of Civil Procedure 8 and violates Local Rule 220.  As noted above, the Court will provide Plaintiff with a final opportunity to file a second amended complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a cognizable claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint;
3. <u>If Plaintiff fails to file a Second Amended Complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **August 5, 2014**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE