# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr. | ) Case No. 1:14-cv-251-AWI-BAM |
| Plaintiffs, | ) ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM (Doc. 16) |
| v. | |
| FRESNO POLICE DEPT ARRESTING OFFICER KNOW AS JOHN DOE SG-ONE AND TRANSPORTING OFFICER KNOWN AS JOHN DOE SG-TWO, | ) THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Tony Phelps, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. After dismissal of his initial complaint and his first amended complaint alleging excessive force and deliberate indifference to medical needs pursuant to 28 U.S.C. § 1915(a), Plaintiff filed a Second Amended Complaint ("SAC") on August 25, 2014, which is currently before the Court for screening. (Doc. 14).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted.

While persons proceeding in pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is currently incarcerated in the Fresno County Jail.  In his SAC, Plaintiff alleges as follows:  Plaintiff alleges he was arrested on January 6, 2014 for assault with a deadly weapon in an alleyway located at 1464 West Fresno Street at approximately 3:30 p.m.  During his arrest, he came in contact with two police officers, John Doe SG-One (arresting officer) and John Doe SG-Two (transporting officer).  Plaintiff alleges that John Doe SG-One acted in an "unprofessional manner, the medical mistreatment conduct took place in the alleyway." (Doc. 16. P. 3.)  Plaintiff does not explain the conduct further.

2

Plaintiff alleges that at 4:30 p.m., he was placed inside the transportation van, and he began to feel faint. He alleges he has high blood pressure and heart condition. When he complained and asked for water, he was pulled out of the van and drug onto a dirt field, face down where "homeless use as a public restroom" and is "contaminated with human and animal fecises." Plaintiff began vomiting and some went onto the John Doe SG-One shoes, and John Doe SG-One put a spit mask on Plaintiff, which caused Plaintiff to drown in his own vomit. John Doe SG-One and John Doe SG-Two put Plaintiff in an ambulance, and Plaintiff was transported to Fresno Community Hospital mental ward rather than for medical treatment. At the mental ward, Plaintiff alleges he died and was revived. Plaintiff went into and out of consciousness and awoke with John Doe SG-Two "rubbing and pounding on my chest real hard." Plaintiff alleges John Doe SG-One also was sitting on top of Plaintiff hitting Plaintiff and twisting his arm. He had the spit mask on which inhibited his breathing. He said once he regained consciousness, the mental health doctor injected him with psychotic medication.

He alleges that his trial date was postponed and he is awaiting transportation to California Atascadero State Mental Hospital. Plaintiff seeks $300,000.00 in damages.

## DISCUSSION

**Fourth Amendment - Excessive Force**

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure and while an offender is detained post-arrest but pre-arraignment is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the

3

1  totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689,
2  701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397, 109 S.Ct. at 1872), cert. denied, 545
3  U.S. 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005).

4      "The question is whether the officers' actions are 'objectively reasonable' in light of the
5  facts and circumstances confronting them, without regard to their underlying intent or
6  motivation." *Graham*, 490 U.S. at 397 (citation omitted). Reasonableness must be assessed from
7  the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of
8  hindsight, and must allow for the fact that "police officers are often forced to make split-second
9  judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount
10 of force that is necessary in a particular situation." *Graham*, 490 U.S. 397.

11     The relevant factors in the Fourth Amendment reasonableness inquiry include "the
12 severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the
13 officers or others, and whether he is actively resisting arrest or attempting to evade arrest by
14 flight." *Graham*, 490 U.S. at 396. While these are the most common considerations, they are not
15 "a magical on/off switch that triggers rigid preconditions" to determine whether an officer's
16 conduct constituted excessive force. *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1777, 167
17 L.Ed.2d 686 (2007). Consequently, courts consider other factors, such as the availability of
18 alternative methods of capturing or detaining the suspect in determining reasonableness. *Chew v.*
19 *Gates*, 27 F.3d 1432, 1441 (9th Cir.1994), cert. denied, 513 U.S. 1148 (1995).

20     First, it is necessary to assess the quantum of force used. Here, several allegations
21 comprise use of force.  First, Plaintiff alleges he was pulled out of the van and drug onto the
22 field.  The three factors articulated in *Graham*, and other factors bearing on the reasonableness of
23 a particular application of force, are not to be considered in a vacuum but only in relation to the
24 amount of force used to effect a particular seizure. *Chew*, 27 F.3d at 1441. In this situation, the
25 use of force (pulling Plaintiff out of the van and putting him to the ground) was minimal
26 especially in light of the other *Graham* factors.  Plaintiff has not stated sufficient facts to allege

4

that John Doe SG-One and John Doe SG-Two were objectively unreasonable for taking Plaintiff out of the van and putting Plaintiff in the field following Plaintiff's complaints of feeling faint. Plaintiff fails to state a cognizable claim as to being pulled from the van and put on the field. See *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006) (simply laying a person on this stomach is not excessive force).

Once plaintiff reached the medical facility, Plaintiff complains of force taken at the facility. Plaintiff alleges that Defendant John Doe SG-Two was "rubbing and pounding on my chest real hard." Plaintiff alleges John Doe SG-One was sitting on top of Plaintiff hitting Plaintiff and twisting his arm. From the context of Plaintiff's allegations, the Court infers Plaintiff went into cardiac arrest, and the two officers then administered cardiopulmonary resuscitation. Plaintiff alleges that there were no signs of life from him, he was nonresponsive to medication, and had "died." In light of these facts, Plaintiff fails to state a cognizable claim as to the force used at the medical facility.

**Fourth Amendment – Conditions of Confinement while Detained**

Plaintiff also complains that he was put on an unsanitary field, inhaling unsanitary material and causing Plaintiff to vomit. He also alleges a spit mask was placed on him and not removed even though he continued vomiting.

"The Fourth Amendment reasonableness standard also applies to allegations of the use of excessive force against an arrestee and the conditions of confinement while detained in custody post-arrest but pre-arraignment." *Givens v. County of San Francisco*, No. C 06–2505 MHP (pr), 2011 WL 1225584, *2 (N.D.Cal. Apr.1, 2011). An arrestee's claim of excessive force does not "necessarily require allegations of assault, but rather can consist of the physical structure and conditions of the place of detention." *Burchett v. Kiefer*, 310 F.3d 937, 946 (6th Cir.2002) (internal citation and quotation omitted) (holding that a detainee's unnecessary detention in extreme temperatures violated the Fourth Amendment); *See also Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir.2009) ("Plaintiffs need not show physical injury in order to sustain an

5

excessive force claim."); *Robinson v. Solano County*, 278 F.3d 1007, 1014–1015 (9th Cir.2002) (en banc) (holding that pointing a gun at someone may constitute excessive force, even if it does not cause physical injury). In this regard, "subjecting a prisoner to special confinement that causes him to suffer increased effects of environmental conditions ... can constitute excessive force." *Danley v. Allen*, 540 F.3d 1298, 1308 (11th Cir.2008), overruled in part on other grounds, *Randall v. Scott*, 610 F.3d 701 (11th Cir.2010). *See also Hope v. Pelzer*, 536 U.S. 730, 738, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (holding that handcuffing inmate to hitching post, and thus causing "unnecessary exposure to the heat of the sun," violated clearly established rights under the Eighth Amendment); *Howard v. Kansas City Police Dept.*, 570 F.3d 984, 989–90 (8th Cir.2009) (holding that forcing shooting victim to lay on hot asphalt for seven to eight minutes resulting in second-degree burns constituted excessive force); *Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir.1992) (rejecting Fourth Amendment excessive force claim on the grounds that a convicted prisoner could bring only an Eighth Amendment excessive force claim, but recognizing that "detention on the cold, muddy ground" could constitute claim of excessive force); *Jones v. County of Sacramento*, 2011 WL 3163307 (E.D. Cal. 2011) (excessive force claim where plaintiff was placed in a safety cell handcuffed, shackled, with his pants around his ankles and soaked in sewer water for approximately two hours).

Plaintiff fails to allege a cognizable claim for being placed on a field after he complained of being faint and was taken from the van. There are no allegations defendants were aware that the condition of the field was the cause for sickening Plaintiff.

Plaintiff alleges that Defendant John Doe SG-One and John Doe SG-Two should have removed the spit mask sooner so that Plaintiff could breathe appropriately. The Fourth Amendment, however, does not "require an officer to provide what hindsight reveals to be the most effective medical care [or precautions] for an arrested suspect." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). All that is required of an officer is that he reasonably respond if and when he becomes aware of a suspect's deteriorating medical condition.

6

1   See id. ("[A] police officer who promptly summons ... necessary medical assistance has acted
2   reasonably ... [under] the Fourth Amendment [.]").
3       Plaintiff has stated a cognizable claim regarding excessive force for keeping the spit
4   mask on Plaintiff for the duration of his detainment.

**Fourth Amendment—Denial of Medical Care**

Plaintiff claims that Defendant John Doe SG-One and John Doe SG-Two failed to provide medical care or take Plaintiff to an appropriate medical facility despite Plaintiff feeling faint and because of Plaintiff's heart condition and high blood pressure.

The Ninth Circuit analyzes claims regarding deficient medical care during and immediately following an arrest under the Fourth Amendment. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098–99 (9th Cir.2006) (explaining that while the Supreme Court has analyzed such claims under the Due Process Clause of the Fourteenth Amendment in the past, it appears that the Fourth Amendment is the proper authority following the decision in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). *Cf. City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) (the Due Process Clause of the Fourteenth Amendment requires officers to provide medical care to individuals who have been injured while being apprehended by the police, and that right is at least as great as the protections afforded to convicted prisoners under the Eighth Amendment). The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care to an apprehended individual. *Tatum*, 441 F.3d at 1099 (the Fourth Amendment does not require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect.)  Although the Ninth Circuit has not prescribed the precise contours of what constitutes objectively reasonable post-arrest care, it has made clear that "a police officer who promptly summons ... necessary medical assistance has acted reasonably for purposes of the Fourth Amendment[.]" *Id.; See City of Revere*, 463 U.S. at 245 ("Whatever the standard may be,

7

[the defendant] fulfilled its constitutional obligation by seeing that [the apprehended individual] was taken promptly to the hospital that provided the treatment necessary for his injury.").

Here, Plaintiff alleges that he was not taken to an appropriate facility; Plaintiff alleges that he was not taken to an emergency room, but was taken to a mental facility.  Plaintiff disputes that he received the most appropriate treatment, but the Fourth Amendment does not require the best treatment.  Plaintiff acknowledges defendants John Doe SG-One and John Doe SG-Two took him to a facility for treatment.  Plaintiff allegations show objectively reasonable post-arrest care in that Plaintiff alleges that John Doe SG-One and John Doe SB-Two promptly took him for medical treatment, he was seen by a doctor, and that he received some form of medical care.  Accordingly, Plaintiff fails to state a cognizable claim.

**Claim based upon Disrespectful Comments**

Plaintiff alleges that the officers repeatedly were disrespectful to Plaintiff.  It is unclear the basis for his claims.  Disrespectful and assaultive comments by arresting officers do not implicate a constitutional deprivation. Se*e Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996). Therefore, claims based on Defendant John Doe SG-One and John Doe SG-Two being disrespectful fails to state a cognizable claim.

**Plaintiff's Capacity to Sue**

Plaintiff states that his criminal trial has been postponed due to his competency and that he will soon be transported to California Atascadero State Mental Hospital.  This raises the potential of Plaintiff's mental capacity.

Rule 17 of the Federal Rules of Civil Procedure governs the capacity of parties to sue or be sued in federal court. A court must look to the law of the state of the individual's domicile to determine whether that party has capacity to sue or be sued in an action in federal court. Fed.R.Civ.P. 17(b)(1).  State law generally provides that minors and incompetents cannot sue in their own names, or defend an action brought against them. Instead, litigation ordinarily must be conducted through a guardian, conservator of the estate, or guardian ad litem. See Calif. Fam.C.

8

1  § 6601; Calif. CCP § 372; *Whitmore v. Arkansas*, 495 U.S. 149, 163, 110 S.Ct. 1717, 1727, fn. 4
2  (1990); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  In California, a party
3  is incompetent if he or she lacks the capacity to understand the nature or consequences of the
4  proceeding, or is unable to assist counsel in the preparation of the case. *See In re Jessica G.*, 93
5  Cal.App.4th 1180, 1186, 113 Cal.Rptr.2d 714 (2001) (applying this standard to dependency
6  proceedings).

7  The Court has reviewed the pleadings filed by Plaintiff in this case.  The Court notes that
8  Plaintiff has been able to articulate facts related to his claims and clarify such facts where the
9  Court noted deficiencies existed.  Plaintiff has been responsive to the Court and timely complied
10 with Court orders.  Therefore, the Court does not find at this time that Plaintiff lacks capacity to
11 sue.

12 **Doe Defendants**
13 Plaintiff alleges claims against two Doe defendants.  Plaintiff is cautioned that the United
14 States Marshal cannot initiate service of process on unknown defendants.  Therefore, the Court
15 will send Plaintiff the appropriate service documents at such time as Plaintiff ascertains the
16 identities of the Doe defendants.

17 **Plaintiff's Address**
18 Plaintiff alleges that he will soon be transported to California Atascadero State Mental
19 Hospital.  Plaintiff is informed that Local Rule 183(b) requires plaintiff to keep his address
20 current:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Failure to inform the Court of a change of address may result in the imposition of sanctions including dismissal of the action.

**CONCLUSION AND ORDER**

Plaintiff's complaint states a cognizable claim against Defendants John Doe SG-One and John Doe SG-Two[1] for a violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants John Doe SG-One and John Doe SG-Two on the single Fourth Amendment claim, Plaintiff may so notify the Court in writing. The other claims will then be dismissed for failure to state a claim. The United States Marshal cannot initiate service on unknown defendants. Therefore, the Court will send Plaintiff appropriate service documents at such time as Plaintiff ascertains the identifies of John Doe SG-One and John Doe SG-Two.

If Plaintiff elects to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in

---

[1] The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint is dismissed for failure to state a cognizable claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants John Doe SG-One and John Doe SG-Two for a violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment.

        (i)  If Plaintiff notifies the Court he wishes to proceed against John Doe SG-One and John Doe SG-Two, Plaintiff must notify the Court of the names of John Doe SG-One and John Doe SG-Two.

        (ii) Upon a showing of good cause, Plaintiff may request an extension of time, in writing, to provide the names.

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **September 4, 2014**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

11