# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MARGARET MIMMS, JERRY DYER,<br><br>　　　　Defendant. | Case No. 1:14-cv-251-AWI-BAM<br><br>ORDER (1) DISMISSING CERTAIN CLAIMS; (2) FINDING SERVICE OF COMPLAINT APPROPRIATE; AND (3) REQUIRING PLAINTIFF TO IDENTIFY DOE DEFENDANTS WITHIN NINETY DAYS<br><br>(ECF No. 18 and 19)<br><br>NINETY-DAY (90) DEADLINE |

　　　　Plaintiff Tony Phelps, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his consent to Magistrate Judge Jurisdiction on March 5, 2014.  (Doc. 4.)   On September 4, 2014, the Court screened Plaintiff's Second Amended Complaint and found Plaintiff's complaint states a cognizable claim against Defendants John Doe SG-One and John Doe SG-Two for violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment, but found that the complaint failed to state any other cognizable claim.

　　　　The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable.  On October 1, 2011, Plaintiff filed a notice stating that he does not wish to amend and he is willing to proceed only on his cognizable claim.  Therefore, this case will proceed on the cognizable claim and all other claims will be dismissed.

1

1    In its screening order, the Court informed Plaintiff that the inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means.  *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).  The Court also notified Plaintiff that United States Marshal cannot initiate service on unknown defendants.  Therefore, the Court will send Plaintiff appropriate service documents at such time as Plaintiff ascertains the identities of John Doe SG-One and John Doe SG-Two.

Plaintiff requests a 90-day continuance to identify the Doe defendants.  (Doc. 19.)  Based on good cause shown, Plaintiff's request for a 90-day continuance for Plaintiff to identify the Doe defendants is GRANTED.  The Court will issue the appropriate forms for service of process only after Plaintiff has provided sufficient identifying information to permit service.

**ORDER**

Accordingly, based on Plaintiff's notice, it is HEREBY ORDERED that:

1.    This action for damages shall proceed against Defendants John Doe SG-One and John Doe SG-Two for violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment;

2.    All other claims in the Second Amended Complaint are dismissed, with prejudice, for failure to state a claim;

3.    Within 90 days from the date of service of this Order, Plaintiff shall provide the names and sufficient information as to the location of John Doe SG-One and John Doe SG-Two to permit the Marshal to initiate service of process.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Plaintiff will then be provided with two summonses and two USM–285 forms for completion and return. Upon receipt of the forms and copies of the second amended complaint, the Court will direct the United States Marshal to initiate service of process on the identified defendants.

///

///

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **October 2, 2014**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE