1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| TONY PHELPS, Sr. | ) | Case No. 1:14-cv-251-AWI-BAM |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING REQUEST FOR RULE |
| | ) | 45 SUBPOENA WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| MARGARET MIMMS, JERRY DYER, | ) | THIRTY-DAY (30) DEADLINE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Tony Phelps, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his consent to Magistrate Judge Jurisdiction on March 5, 2014.  (Doc. 4.)   On September 4, 2014, the Court screened Plaintiff's Second Amended Complaint and found Plaintiff's complaint states a cognizable claim against Defendants John Doe SG-One and John Doe SG-Two for violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment, but found that the complaint failed to state any other cognizable claim.

In its screening order, the Court informed Plaintiff that the inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means.  *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).  The Court also notified Plaintiff that United States Marshal cannot initiate service on unknown defendants.  Therefore, the Court

notified Plaintiff he must ascertain the identities of John Doe SG-One and John Doe SG-Two and on October 2, 2014, granted Plaintiff 90-days to identify John Doe SG-One and John Doe SG-Two.

On October 16, 2014, Plaintiff filed a request for documents, which the Court construes as a request for a Rule 45 Subpoena, to Atascadero State Mental Hospital to release a copy of his police report which Plaintiff believes will have the names of the two arresting officers, John Doe SG-One and John Doe SG-Two.

The Court will consider issuance of a Rule 45 Subpoena only if Plaintiff shows he has exhausted other avenues of relief.  For instance, Plaintiff's original complaint indicated one or both of the officers testified at Plaintiff's preliminary hearing and Plaintiff's prior counsel may be able to provide names and location information for John Doe SG-One and John Doe SG-Two. The Police Report also may be available from the City Police Records Bureau upon request. Plaintiff may be able to view his Central File as he is housed at Atascadero State Mental Hospital.  In the alternative, court records of Plaintiff's preliminary hearing/criminal case may be available to view by Plaintiff and/or family members.

Plaintiff shall notify the Court within thirty days of his efforts to identify John Doe SG-One and John Doe SG-Two.

## ORDER

Accordingly, based on Plaintiff's notice, it is HEREBY ORDERED that:

1.  Plaintiff's Request for a Rule 45 subpoena to Atascadero State Mental Hospital is DENIED without prejudice.

2.  Within 30 days, Plaintiff shall file a status report as to his effort to identify John Doe SG-One and John Doe SG-Two.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                    /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE