# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr.<br><br>　　　Plaintiffs,<br><br>　v.<br><br>MARGARET MIMMS, JERRY DYER,<br><br>　　　Defendant. | Case No. 1:14-cv-251-AWI-BAM<br><br>ORDER DENYING MOTION FOR RULE 45 SUBPOENAS<br>(Doc. 24)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS<br><br>ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORMS |

Plaintiff Tony Phelps, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his consent to Magistrate Judge Jurisdiction on March 5, 2014. (Doc. 4). On September 4, 2014, the Court screened Plaintiff's Second Amended Complaint ("SAC") and found Plaintiff's complaint states a cognizable claim against Defendants John Doe SG-One and John Doe SG-Two for a violation of the Fourth Amendment for keeping the spit mask on Plaintiff for the duration of his detainment, but found that the complaint failed to state any other cognizable claim. (Doc. 17).

In its screening order, the Court informed Plaintiff that the inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981). The Court also notified Plaintiff that United States Marshal cannot initiate service on unknown defendants. Therefore, the Court

1   notified Plaintiff he must ascertain the identities of John Doe SG-One and John Doe SG-Two,
2   and on October 2, 2014, granted Plaintiff 90-days to identify the two officers.
3        On October 16, 2014, Plaintiff filed a request for documents, which the Court construed
4   as a request for a Rule 45 Subpoena, to Atascadero State Mental Hospital to release a copy of his
5   police report which Plaintiff believes will have the names of the two arresting officers. (Doc. 22).
6   On October 17, 2014, the Court advised Plaintiff that his request would only be granted if he
7   could show he has exhausted other avenues to obtain this information.  The Court gave Plaintiff
8   thirty days to advise the Court of his efforts to identify John Doe SG-One and John Doe SG-
9   Two.  (Doc. 23).
10       On November 10, 2014, Plaintiff filed two documents.  The first is a Motion for Rule 45
11  Subpoenas in which Plaintiff outlines his attempts determine the identity of the two officers.
12  (Doc. 24).  The second document is a response to this Court's order issued on October 17, 2014,
13  in which Plaintiff indicates that he has discovered that the name of the first arresting officer, SG-
14  One, is R. Byrd. (Doc. 25).  He also indicates that he would only like to proceed on the
15  cognizable claim against this arresting officer.  (Doc. 25 ("I Tony Phelps Sr. will like to proceed
16  only on the claim found to be cognizable on arresting officer R. Byrd."))  Plaintiff also advises
17  that he has a new address: P.O. Box 872, Fresno, California 93712.
18       In accordance with Plaintiff's recent filings, it appears that Plaintiff wishes to proceed
19  only against Officer R. Byrd.  Therefore, his Motion for Rule 45 Subpoenas is moot and it is
20  denied without prejudice.  The Court will order that Plaintiff be served with USM-285 forms to
21  proceed against Officer Byrd.  Plaintiff is advised that he must have Officer Byrd's address and
22  include that information on the USM-285 form.  The United States Marshal is not able to serve
23  this Defendant without an address.
24       In accordance with the above, this Court has determined as follows :
25  1.  Service is appropriate for Defendant Officer R. Byrd for a violation of the
26      Fourth Amendment pursuant to the 42 U.S.C. § 1983, as outlined in this Court's order
27      dated October 2, 2014 (Doc. 21);

2. The Clerk of the Court shall send Plaintiff a single USM-285 form, and summons, an instruction sheet, a copy of the SAC filed on August 25, 2014 (Doc. 16), and a copy of this Order;

3. Within **thirty (30) days** from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and return the completed Notice to the Court with the following documents:

    a. The completed summons;

    b. A completed USM-285 form for the Defendant listed above;

    c. A copy of the endorsed SAC filed August 25, 2014 (Doc. 16); and

    d. A copy of the instant Order;

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

5. If Plaintiff no longer wishes to pursue a claim against John Doe SG-Two, he should file a Notice of Voluntary Dismissal against that Defendant within **thirty (30)** days. However, if Plaintiff wishes to pursue a claim against this defendant, he may be able to amend his complaint at a later time if the officer's identity is determined during the discovery process[1];

6. The Clerk of the Court is directed to change Plaintiff's address to: P.O. Box 872, Fresno, California 93712.  Plaintiff is advised that he must keep the Court apprised of any future changes in his address pursuant to Local Rule 183(b); and

///

///

///

---

[1] The Court notes that the Plaintiff has filed inconsistent statements regarding whether he wants to pursue his claim against this defendant.  (*Compare* Doc. 24 with Doc. 25).

5. *Plaintiff's failure to comply with this order will result dismissal of this action.*

IT IS SO ORDERED.

Dated:   **November 18, 2014**              /s/ Barbara A. McAuliffe
                                                                      UNITED STATES MAGISTRATE JUDGE