# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PHELPS, Sr., <br><br> Plaintiff, <br><br> v. <br><br> OFFICER BYRD, <br><br> Defendant. | Case No. 1:14-cv-251-BAM <br><br> **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** <br><br> **(Doc. 37)** |

On February 26, 2014, Plaintiff Tony Phelps, Sr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to Title 42 of the United States Code section 1983 alleging injuries he sustained during his detention and arrest. (Docs. 4, 2). The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 4, 38). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

On November 26, 2014, the Court issued a First Informational Order informing Plaintiff that a *pro se* plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. (Doc. 26). The First Informational Order also explained that if Plaintiff's address is not updated within sixty days of any mail being returned, the action will be dismissed for failure to prosecute. *See* Local Rule 183(b). (Doc. 26 at 4:4-12.).

Thereafter, the Court dismissed Plaintiff's initial complaint and first amended complaint with leave to amend, and served it at the address on file. After screening Plaintiff's second amended complaint, the Court determined that Plaintiff stated a cognizable claim against

Defendant Officer Byrd for excessive force in violation of the Fourth Amendment. (Doc. 17). Defendant Byrd was served with the second amended complaint on January 27, 2015 (Doc. 33), and answered asserting affirmative defenses on February 23, 2015. (Doc. 34).

On March 10, 2015, the Court issued a discovery and scheduling order. The March 10, 2015, Order which had been properly served on Plaintiff at the Fresno County Jail, Post Office Box 872, 1225 M Street Fresno, California 93721, was returned by the postal service marked "Undeliverable, Return to Sender - Not in Custody." On May 26, 2015, sixty eight days after Plaintiff's mail was returned as undeliverable, Defendant Officer Byrd filed a Motion to Dismiss for Plaintiff's failure to prosecute this case. (Doc. 37).

To date, Plaintiff has failed to update his address or otherwise respond to the Court's order. In light of Plaintiff's failure to update his address or otherwise prosecute this matter, Plaintiff's case is DISMISSED without prejudice.

**DISCUSSION**

Eastern District of California Local Rule 182(f) provides that attorneys and any party appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party." Thus, Plaintiff is under a continuing duty to keep the Clerk and others informed of any change to his address or telephone number. Mail addressed to Plaintiff has been returned as undeliverable, and therefore, Plaintiff has failed to keep the Court informed of his current address despite a continuing duty to do so. Pursuant to Local Rule 183(b), any party appearing *pro se* must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 68 days have elapsed since mail was returned and Plaintiff has not notified the court of a change of address.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute

an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff has failed to comply with Local Rule 182(f) which requires Plaintiff to keep the Court apprised of his address so that he may participate in this litigation. More than sixty days have passed since the Court's order was returned to the Court as undeliverable. In accordance with this Court's Local Rules, the matter should be dismissed. Local Rule 183(b).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice. Here, there will be no resolution of this case given Plaintiff's failure to advise the Court of his new address

and participate in this litigation.  Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424.  In this case, the Court's first informational order explained that if Plaintiff's address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute. (Doc. 26 at 4:4-12).  Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's action is DISMISSED without prejudice for failure to prosecute;
2. Defendant's Motion to Dismiss is GRANTED (Doc. 37);
3. The Clerk of the Court is directed to close this case and vacate all dates.

IT IS SO ORDERED.

Dated: **June 30, 2015**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE